UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS R. THIBAULT,

    Plaintiff,

v.

HEARTLAND RECREATIONAL
VEHICLES, LLC, *et al.*,

    Defendants.

Case No. 2:18-cv-732
JUDGE GEORGE C. SMITH
Magistrate Judge Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant Heartland Recreational, LLC's ("Heartland") Motion to Stay Proceedings and Compel Arbitration (Doc. 11). Plaintiff responded (Doc. 12) and Heartland replied (Doc. 13). This matter is fully briefed and ripe for review. For the reasons that follow, Defendant's Motion to Stay Proceedings and Compel Arbitration is **GRANTED**.

### I. BACKGROUND

Plaintiff Thomas R. Thibault initiated this suit against Defendants Heartland, Southwest RV Centers, LLC ("Southwest"), and Sirpilla RV Centers, LLC ("Sirpilla"). (*See* Doc. 3, Am. Compl.). Plaintiff brings this action against Defendants for alleged violations of the Ohio Consumer Sales Practice Act, Ohio Revised Code § 1345.01, *et seq.* ("CSPA"); the Ohio Revocation Acceptance Act, Ohio Revised Code § 1302.66; and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et. seq.* (*Id.* at ¶¶ 43–44, 52, 63). Plaintiff also brings a claim of tortious breach of warranty against Defendants. (*Id.* at ¶ 57). These claims arise from Plaintiff's purchase

of a 2017 Heartland North Peak 29BH recreational vehicle ("RV") that was manufactured by Heartland. (*Id.* at ¶ 19).

This action was originally brought in state court and was later removed to this Court on July 26, 2018. (*See* Doc. 1, Not. of Removal). Heartland now asks this Court to stay this action and compel arbitration. (Doc. 11, Mot. to Stay at 1). Heartland contends that Plaintiff freely entered into an agreement to arbitrate "any and all claims, demands, causes of action or disputes arising out of or relating in any way . . . [to] the recreational vehicle" by way of a limited warranty contained in the vehicle's Owner's Manual. (Doc. 11-1, Warranty at 7). The Warranty also contained a forum selection clause naming Elkhart Circuit or Superior Court in Elkhart County, Indiana the exclusive jurisdiction should Heartland elect to decline the arbitration provision identified above. (*Id.*). Heartland alone had the option to decline arbitration as a means of dispute resolution. (*Id.*). Plaintiff asserts the following arguments in opposition: (1) the Warranty is a contract of adhesion; (2) that claims for violations of Ohio Revised Code § 1345.01 and tortious breach of warranty are not arbitrable; (3) Heartland waived its right to arbitration by filing an Answer to the Plaintiff's Amended Complaint; and (4) Sirpilla and Southwest are not intended beneficiaries of the Warranty's arbitration provision. (Doc. 12, Resp. at 4–9).

## II. STANDARD OF REVIEW

Under the Federal Arbitration Act ("FAA"), arbitration contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If a party who signed an arbitration contract fails or refuses to arbitrate, the aggrieved party may petition the court for an order directing the parties to proceed in arbitration in accordance with the terms of the agreement. 9 U.S.C. § 4. The Court must then "determine whether the parties agreed to arbitrate the dispute at issue." *Ackison Surveying, LLC*

*v. Focus Fiber Sols., LLC*, No. 2:15-CV-2044, 2016 WL 4208145, at *1 (S.D. Ohio Aug. 10, 2016) (Marbley, J.) (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Id.* at *1; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). In evaluating motions to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in light most favorable to the non-moving party." *Jones v. U-Haul Co. of Mass. & Ohio Inc.*, 16 F. Supp. 3d 922, 930 (S.D. Ohio 2014) (Graham, J.). The Court has four tasks:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714.

### III.  DISCUSSION

Heartland has moved this Court to stay proceedings pending arbitration and asserts that Plaintiff's claims are subject to the arbitration provision set forth in the Warranty. (Doc. 11, Mot. Stay at 6–7). Plaintiff argues that the arbitration agreement should not be enforced because: (1) the warranty is a contract of adhesion; (2) the statutory violation claims under Ohio Revised Code § 1345.01 and tortious breach of warranty claim are not arbitrable; (3) Heartland waived its right to arbitrate by failing to assert such when it filed its Answer to the Amended Complaint; and (4) Defendants Southwest and Sirpilla were not intended third-party beneficiaries of the warranty's arbitration provision.

## A. Heartland Has Not Waived Its Right to Compel Arbitration

Plaintiff argues that Heartland waived its right to arbitrate by failing to assert such a right when it filed its Answer to the Amended Complaint. (Doc. 12, Resp. at 7–8). For the reasons that follow, the Court finds that Heartland has not waived its right to enforce the arbitration clause contained in the Warranty.

There is a "strong presumption in favor of arbitration" and "waiver of the right to arbitration is not to be lightly inferred." *Reidy v. Cyberonics, Inc.*, No. 1:06-CV-249, 2007 WL 496679, at *4 (S.D. Ohio 2007) (Dlott, J.) (citing *O.J. Distrib. Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003)). However, a party may implicitly waive its right to arbitration "when the party actively participates in litigation or acts inconsistently with its rights to proceed with arbitration." *Mantaline Corp. v. PPG Indus., Inc.*, 225 F.3d 659 (6th Cir. 2000) (quoting *Siam Feather & Forest Prods. Co., Inc. v. Midwest Feather Co., Inc.*, 503 F. Supp. 239, 242 (S.D. Ohio 1980) (Rubin, C.J.)) (internal quotes omitted). To determine whether a party has waived its right to enforce an arbitration provision, the court may consider the following factors:

> 1) filing responsive pleadings while not asserting a right to arbitration; 2) filing pretrial motions; 3) engaging in extensive discovery; 4) using discovery methods not available in arbitration; 5) litigating issues on the merits; 6) the length of delay in invoking an arbitration right and seeking a stay; 7) the proximity of the trial date; 8) the prejudice to the opposing party; and 9) whether the party has filed a counterclaim.

*Konica Minolta Bus. Sols., U.S.A., Inc. v. Allied Office Prods, Inc., et al.*, No. 2:06-CV-71, 2006 WL 3827461, at *11 (S.D. Ohio Dec. 27, 2006) (Graham, J.) (citing *Systran Fin. Servs. Corp. v. Giant Cement Holding, Inc.*, 252 F. Supp. 2d 500, 506 (N.D. Ohio 2003)). No one factor is dispositive, rather a court must determine whether, under the totality of the circumstances, "the defaulting party has acted inconsistently with the arbitration right." *Systran*, 252 F. Supp. 2d at

506 (citing *Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 774 (D.C. Cir. 1987)).

Looking at the totality of the circumstances of the present case, the Court finds that Heartland has not waived its right to invoke the Warranty's mandatory arbitration clause. The case was removed to this Court on July 26, 2018. (*See* Doc. 1, Not. of Removal). Heartland filed its Motion to Stay and Compel Arbitration on September 12, 2018. (*See* Doc. 12, Mot. Stay). In the interim, little to no discovery has taken place. (*See generally* Docs. 1–11). No issue has been litigated on the merits. No trial date has been set for this matter. And Heartland has not asserted a counterclaim. Further, Plaintiff will suffer little prejudice if this matter is sent to arbitration pursuant to the valid arbitration agreement. The only factor weighing in favor pf Plaintiff is that Heartland submitted its Answer and failed to invoke the arbitration provision. This alone is not enough. As such, the Court finds that Heartland has not implicitly waived its right to invoke the arbitration provision in the Warranty.

**B.** *Stout* **Considerations**

As mentioned above, the Court must undertake a four-party inquiry to determine whether an arbitration agreement is enforceable:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714.

**1. The Parties Agreed to Arbitration.**

In determining whether the parties agreed to arbitrate under the first prong of the *Stout* test, the Court must apply the "applicable state law of contract formation." *Prachun v. CBIZ Benefirts*

5

& *Ins. Servs., Inc.*, No. 2:14-CV-2251, 2015 WL 5162522, at *3 (S.D. Ohio Sept. 3, 2015) (Marbley, J.) (quoting *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 666 (6th Cir. 2003)); *see also Ackison Surveying*, 2016 WL 4208146, at *1) ("Whether the parties' contract evinces an agreement to arbitrate is governed by principles of state contract law."). Thus, "state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004).

Heartland asserts that the parties reached a valid and binding contract, requiring that all disputes that arose under or were related to the Warranty were subject to arbitration. Plaintiff counters by asserting that a valid contract never existed between the parties because the Warranty amounted to a contract of adhesion, and the Warranty's terms were unconscionable. While the Court is to apply state contract law to determine whether the parties entered into a binding contract, the parties dispute which state's law applies: Heartland asserts that Indiana law governs while Plaintiff argues in favor of applying Ohio law. Regardless, Ohio and Indiana law are materially similar on this matter and this Court finds that the Plaintiff has failed to show that he did not enter into a valid contract under the laws of either state.

Under Ohio law, "[a] provision in any written contract . . . to settle by arbitration a controversy that subsequently arises out of the contract . . . shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." O.R.C. § 2711.01(A). Furthermore:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance

with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

O.R.C. § 2711.02(B).

In Ohio, "[a]n arbitration clause in a contract is generally viewed as an expression that the parties agreed to arbitrate disagreements within the scope of the arbitration clause, and, with limited exceptions, an arbitration clause is to be upheld just as any other provision in a contract should be respected." *Williams v. Aetna Finance Company*, 83 Ohio St. 3d 464, 472, 700 N.E.2d 859 (1998); *see also Council of Smaller Enterprises v. Gates*, 80 Ohio St. 3d 661, 668, 687 N.E.2d 1352 (1998). One such exception involves unconscionability. "Unconscionability is generally recognized to include an absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party." *Collins v. Click Camera & Video, Inc.*, 86 Ohio App. 3d 826, 834, 621 N.E.2d 1294 (2d Dist. 1993) (internal citations omitted).

In analyzing unconscionability, "the party asserting unconscionability bears the burden of proving that the agreement is both procedurally and substantively unconscionable." *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 20 (internal citations omitted). In analyzing procedural unconscionability, "courts consider 'the circumstances surrounding the contracting parties' experience . . . who drafted the contract . . . whether alterations in the printed terms were possible, [and] whether there were alternative sources of supply for the goods in question.'" *Id.* at 413 (internal citations omitted). In analyzing substantive unconscionability, "[a]n assessment of whether a contract is substantively unconscionable involves consideration of the terms of the agreement and whether they are commercially reasonable." *Id.* at 414 (internal citations omitted). "Factors courts have considered in evaluating whether a contract is substantively unconscionable include the fairness of the terms, the charge for

the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability." *Id.* (internal citations omitted).

Under Indiana law, "[a] written agreement to submit to arbitration is valid, and enforceable, an existing controversy thereafter arising is valid and enforceable, except upon such grounds as exist at law or in equity for the revocation of any contract." Ind. Code Ann. § 34-57-2-1(a). The Indiana Arbitration Act "may be cited as the Uniform Arbitration Act." Ind. Code Ann. at § 34-57-2-22. The legislative purpose of this Act is "to provide a more efficient, expeditious manner in which to resolve disputes than traditional litigation." *Groves v. Groves*, 704 N.E.2d 1072, 1076 (Ind. Ct. App. 1999) (*citing Angell Enterprises, Inc. v. Abram & Hawkins Excavating Co., Inc.*, 643 N.E.2d 362, 366 (Ind. Ct. App. 1994).

The disputed arbitration provision reads as follows:

**7. DISPUTE RESOLUTION**

At the option of Heartland RV, any and all claims, demands, causes of action or disputes arising out of or relating in any way to this warranty or the recreational vehicle shall be resolved exclusively in arbitration in accordance with the Indiana Arbitration Act (IC 34-57-1-1, *et seq.*), the Uniform Arbitration Act (IC 34-57-2-2, *et seq.*), and the Indiana Rules for Alternative Dispute Resolution, Rules 3.1 through 3.5. There shall be one (1) arbitrator appointed by the Elkhart Circuit or Superior Court, Elkhart County, Indiana, who shall be an attorney with professional experience in the recreational vehicle industry. All costs and expenses of the arbitration will be paid by the party against whom the arbitrator rules; however, each party will bear its own attorneys' fees.

In the event that Heartland RV does not elect to submit any dispute to arbitration or the foregoing arbitration provision is found to be unenforceable, the exclusive jurisdiction for deciding any and all claims, demands, causes of action or disputes arising out or relating in any way to this warranty or the recreational vehicle shall be the Elkhart Circuit or Superior Court, Elkhart County, State of Indiana. By executing this warranty, the retail purchaser agrees to the jurisdiction of the courts set forth above.

(Doc. 11-1, Warranty at 7).

Courts are called to "examine arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 503 (6th Cir. 2007). As such, the "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79, 91 (2000). Plaintiff claims the warranty is a contract of adhesion, and therefore unconscionable, but has failed to present to the Court Rule 56 evidence demonstrating that the Warranty was procedurally or substantively unconscionable. Plaintiff failed to allege that the arbitration provision in the Warranty was non-negotiable, unfair to him, or deprived him of any meaningful choice in the purchase of the RV. In short, while the Warranty might be accurately described as being "boilerplate," Plaintiff has not sufficiently alleged that it was procedurally unconscionable.

As for substantive unconscionability, Plaintiff argues that the arbitration provision "denies the Plaintiff his fundamental right to a trial by a jury of his peers . . . [and he received nothing in return.]" (Doc. 12, Resp. at 16). This argument is unavailing because relinquishment of one's right to a jury trial is a natural and necessary consequence of agreeing to arbitrate disputes. *Hayes v. Oakridge Home*, 122 Ohio St. 3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 34 (citing *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St. 3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 55); *see also Sanford v. Castleton Health Care Ctr., LLC*, 813 N.E.2d 411, 420 (Ind. Ct. App. 2004) (holding that the constitutional right to trial by jury is not absolute and may be waived by entering into an arbitration agreement). Plaintiff's final contention that he "received nothing in return" for purportedly agreeing to arbitrate ignores the fact that Plaintiff received a limited one-year warranty against defects. Therefore, Plaintiff cannot argue the arbitration provision is invalid due to a lack

of consideration. Plaintiff has not raised any other arguments that suggest the terms of the agreement were commercially unreasonable.

The Court's conclusion on this point remains the same under both Indiana and Ohio law. Based on the Warranty provision where "any and all claims, demands, causes of actions or disputes arising out of or relating, in any way to this warranty or the recreational vehicle shall be resolved exclusively in arbitration," Plaintiff and Defendant agreed to arbitration. (Doc. 11-1, Warranty at 7). With both states having a strong legislative and judicial presumption in favor of arbitration, Plaintiff has not brought forth sufficient evidence to conclude that the arbitration provision is unconscionable and there was not a valid agreement to arbitrate.

### 2. Plaintiff's Claims Are Within the Scope of the Arbitration Agreement.

In the Sixth Circuit, it is settled authority that any doubts regarding the scope of an arbitration agreement should "be resolved in favor of arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Nestle*, 505 F.3d at 504. This Court has previously set forth a two-step process to determine the scope of an arbitration agreement: 'First, the Court must determine the breadth of the arbitration agreement provision. Second, the Court must conclude whether the claims fit within the scope of the provision.'" *Prachun*, 2015 WL 5162522, at *3 (quoting *Parsley v. Terminix Int'l Co., L.P.*, No. C-3-97-394, 1998 WL 1572764, at *6 (S.D. Ohio Sept. 15, 1998) (Rice, C.J.)).

Plaintiff argues that his claims for violations of the CSPA and tortious breach of warranty are not within the scope of the arbitration agreement. (Doc. 12, Resp. at 6–7). Both Ohio courts and courts within the Sixth Circuit have held that CSPA claims are perfectly capable of being arbitrated so long as the claimant may "effectively vindicate his or her statutory cause of action" through arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991). *See*

*Hedeen v. Autos Direct Online, Inc.*, 2014-Ohio-4200, 19 N.E. 3d 957, ¶ 46 ("arbitrating a CSPA claim does not deprive the claimant of any remedies prescribed by R.C. Chapter 1345.") (citing *Smith v. Ohio State Home Servs., Inc.*, 9th Dist. Summit Nos. 16441 and 16445, 1994 WL 200801 (May 25, 1994)); *Deck v. Miami Jacobs Bus. Coll. Co.*, No. 3:12-CV-63, 2013 WL 394875, at *7 (S.D. Ohio Jan. 31, 2013) (Black, J.) (rejecting plaintiffs' public-policy based argument that they should not be required to arbitrate CSPA claim because, *inter alia*, the high costs of arbitration and evidence in CSPA cases should be evaluated by a jury rather than an arbiter, noting that Ohio courts have rejected the same arguments) (citing *Gustavus, L.L.C. v. Eagle Invests.*, 2d Dist. Montgomery No. 24899, 2012-Ohio-1433, ¶ 35 ("[t]he FAA trumps a state statute and any policy against arbitration in the statute when they act as an obstacle to the accomplishment of Congress's objectives in enacting the FAA.")).

In the present case, the arbitration provision states that "any and all claims, demands, causes of actions or disputes arising out of or relating in any way to this warranty **or the recreational vehicle** shall be resolved exclusively in arbitration." (Doc. 11-1, Warranty at 7) (emphasis added). This language is very broad and evinces a clear intent to have all RV-related claims arbitrated, but this Court's inquiry does not end there. Plaintiff's claims must still fall within the breadth of the arbitration provision, no matter how broad it may appear on its face. To make this determination, the Court must "focus on the factual allegations in the complaint rather than the legal causes of action asserted, to determine whether the claims raised by Plaintiff stem from performance of the agreement." *Prachun*, 2015 WL 5162522, at *3 (quoting *Parsley*, 1998 WL 1572764, at *6). Here, all of Plaintiff's claims relate to the purchase, condition, or repair of the RV itself. In the Court's view, Plaintiff's claims are inarguably related to the Warranty and/or the RV. As such, these claims are subject to the terms of the arbitration provision.

11

### 3. Plaintiff's Federal Statutory Claim is Arbitrable.

While Plaintiff has argued that several of his state-law claims are not arbitrable, Plaintiff did not raise any arguments regarding the arbitrability of his claim for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* As such, this particular *Stout* consideration bears no relevance to the Court's analysis.

### 4. Proceedings Against the Non-Signatory Defendants Should be Arbitrated.

Having found that all of Plaintiff's claims against Heartland are subject to arbitration, the fourth *Stout* inquiry for the Court to consider is whether Plaintiff's claims against non-signatory Defendants Southwest and Sirpilla should be stayed or included in the arbitration proceedings.

Plaintiff argues that Defendants Southwest and Sirpilla were not signatories to the Warranty, nor were they intended third-party beneficiaries of the warranty's arbitration provision. Heartland counters that "[t]he existence of a third party . . . does not bar arbitration[]" and that the Warranty's arbitration provision is sufficiently broad to extend to Southwest and Sirpilla. (Doc. 13, Rep. at 8–9). The Court agrees with Heartland. In the Sixth Circuit, "nonsignatories may be bound to arbitration agreements under ordinary contract and agency principles." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir.2003) (citing *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1281 (6th Cir. 1990)). Typically, non-signatories may be subject to an arbitration agreement between two contracting parties through one of the following five theories: (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing/alter ego, and (5) estoppel. *Javitch*, 315 F.3d at 629 (citing *Thomson-CSF v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995). These theories are applicable where a signatory seeks to compel a non-signatory's participation in arbitration. Here, however, the situation is opposite; *i.e.*, Plaintiff argues that his claims against the non-signatory defendants are not arbitrable, and it is Southwest and Sripilla that seek to resolve

12

Plaintiff's claims against them through arbitration. As the Second Circuit has noted, "it matters whether the party resisting arbitration is a signatory or not." *Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 131 (2d Cir. 2003) (citing *Thomson-CSF*, 64 F.3d at 779). The Eighth Circuit summarized that "[a] willing nonsignatory seeking to arbitrate with a signatory that is unwilling may do so under what has been called an alternative estoppel theory which takes into consideration the relationships of persons, wrongs, and issues, [b]ut a willing signatory seeking to arbitrate with a *non*-signatory that is unwilling must establish at least one of the five theories described in [*Thomson-CSF*]. *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 799 (8th Cir. 2005) (citing *Merrill Lynch*, 337 F.3d at 131).

This same approach has been recogized in this District. *See Reilly v. Meffe*, 6 F. Supp. 3d 760, 777 (S.D. Ohio 2014) (Graham, J.) ("Conversely, a signatory can be compelled to arbitrate at the nonsignatory's insistence 'because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract . . . and [the fact that] the claims were intimately founded in and intertwined with the underlying contract obligations.'" (citing *Thomson-CSF*, 64 F.3d at 779)). Similarly, in *Orcutt v. Kettering Radiologists, Inc.*, the Court stopped short of using the term "alternative estoppel," but acknowledged that equitable estoppel allows a non-signatory to compel arbitration under two circumstances:

> First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause "must rely on the terms of the written agreement in asserting [its] claims" against the nonsignatory. When each of a signatory's claims against a nonsignatory "makes reference to" or "presumes the existence of" the written agreement, the signatory's claims "arise[ ] out of and relate [ ] directly to the [written] agreement," and arbitration is appropriate. Second, "application of equitable estoppel is warranted . . . when the signatory [to the contract containing the arbitration clause] raises allegations of . . . substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." Otherwise, "the arbitration proceedings [between the two

signatories] would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted."

199 F. Supp. 2d 746, 752 (S.D. Ohio 2002) (Rice, C.J.) (citing *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999)). In the case at bar, Southwest and Sirpilla have not proactively moved to compel arbitration of the claims against them, but they have each filed a consent to arbitrate. The Court finds it appropriate to arbitrate all of the claims in this case for several reasons.

First and foremost, Plaintiff's claims against Southwest and Sirpilla are intimately founded in and intertwined with the underlying contract obligations of Plaintiff and Heartland. The Warranty clearly outlines the obligations of the parties and procedures to be followed in the event warranty service and/or parts should become necessary:

> If a problem occurs which the owner thinks is covered by this Limited Warranty, the owner is responsible for contacting Heartland RV or an authorized Heartland RV dealer by certified mail, telephone or email giving specific notice of the problem(s) being experienced with the recreational vehicle. Such notice must be sent to Heartland RV, LLC, 2831 Dexter Drive, Elkhart, IN 46514. Heartland RV will arrange for repair or replacement parts if materials or workmanship are identified as defective by Heartland RV. The owner is advised that he/she must notify Heartland RV of any items believed to require warranty service. Heartland RV reserves the right to cure all warranty claims. Warranty work, repairs or service provided under this warranty conducted by any party not specifically authorized by Heartland, **is not covered by this Limited Warranty and WILL VOID THIS LIMITED WARRANTY.**

(Doc. 11-1, Warranty at 4). The record indicates that Plaintiff asserted his rights under the Warranty by calling attention to numerous perceived defects and having repairs performed at both Southwest and Sirpilla's respective facilities. All of the repairs were performed pursuant to the terms of the Warranty and at no cost to Plaintiff. (*See* Doc. 1-3 at Ex. C (Work Order # 97641), Ex. D. (Work Order # 12385), and Ex. H (Work order # 13555)). Therefore, any claims against Southwest or Sirpilla are naturally derived from, and intimately founded in, the contract

14

obligations of Heartland and Plaintiff. Plainly stated, all of Plaintiff's claims against Southwest and Sirpilla presume the existence of the Warranty.

Second, Heartland's relationships with Southwest and Sirpilla are sufficiently close to warrant arbitration. Neither Heartland nor Plaintiff argue that work performed by Southwest or Sirpilla was outside the scope of the Warranty. As noted above, all repairs were performed at no cost to Plaintiff. These facts, coupled with the Warranty language pertaining to defects/repairs, support the inference that Southwest and Sirpilla were Heartland-approved dealers and/or service providers acting as agents of Heartland for the purposes of satisfying Heartland's obligations under the Warranty. As such, the claims against Southwest and Sirpilla and largely interdependent on the claims against Heartland.

Finally, it is in the best interest of judicial economy to have all claims arbitrated together. The Court has already discussed the interconnectedness of the claims against all three defendants. If the Court were to compel Plaintiff to arbitrate its claims against Heartland, but not Southwest and Sirpilla, it would invite the potential for inconsistent outcomes and would surely subject the parties to unnecessary costs and delays.

## IV. CONCLUSION

Having found that: 1) Heartland did not waive its right to arbitrate, 2) the parties entered into a valid arbitration agreement; 3) Plaintiff's claims are within the scope of that arbitration agreement; 4) Plaintiff's federal statutory claim is arbitrable, and 5) all claims—including those against Southwest and Sirpilla—are arbitrable, Heartland's Motion to Stay Litigation and Compel Arbitration is **GRANTED**[1]. This action is **STAYED** in its entirety pending arbitration of the parties' dispute.

The Clerk shall remove Document 11 from the Court's pending motions list.

**IT IS SO ORDERED.**

> */s/ George C. Smith*
> **GEORGE C. SMITH, JUDGE**
> **UNITED STATES DISTRICT COURT**

---

[1] Despite all of Plaintiff's claims being subject to the arbitration agreement, the Court will stay proceedings—as opposed to dismissing this action—in furtherance of the FAA's underlying policy "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). However, the parties should be advised that the Courts intends to give full force and effect to the Warranty's forum selection clause, should any disputes arise following the conclusion of the parties' arbitration.